Citation Nr: 1550141 
Decision Date: 11/30/15 Archive Date: 12/04/15

DOCKET NO. 05-19 680 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Boston, Massachusetts


THE ISSUE

Entitlement to service connection for chronic bronchitis.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

T. Wishard, Counsel


INTRODUCTION

The Veteran had active military service from April 1969 to December 1971 and from February 1984 to January 2002. He also had additional military reserve service from November 1976 to September 1984. 

This matter comes before the Board of Veterans' Appeals (Board) from a January 2004 rating decision of the Department of Veterans Affairs (VA), Regional Office (RO) in Boston, Massachusetts. 

This matter was most recently before the Board in February 2015 when the Board denied the Veteran's claim. The Veteran appealed the Board's denial to the United States Court of Appeals for Veterans Claims (hereinafter "Court"). In a September 2015 Order, the Court vacated only that portion of the Board's decision that denied the Veteran's claim of entitlement to service connection for chronic bronchitis on a direct basis unrelated to asbestos exposure, consistent with a Joint Motion for Remand. That portion of the Board's decision which denied service connection for chronic bronchitis due to asbestos exposure was not disturbed by the Court.


FINDINGS OF FACT

1. The most probative evidence reflects that the Veteran has chronic bronchitis due to smoking.

2. The Veteran's chronic bronchitis did not manifest in service.


CONCLUSION OF LAW

The criteria for service connection for chronic bronchitis have not been met. U.S.C.A. §§ 1110, 1112, 1113, 1116, 1131, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.300, 3.303, 3.307, 3.309 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a). Notice was provided in June 2003. Although the notice provided did not address either the rating criteria or effective date provisions that are pertinent to the appellant's claim, such error was harmless given that service connection is being denied, and hence no rating or effective date will be assigned with respect to this claimed condition. Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

VA has a duty to assist the appellant in the development of the claim. The claims file includes service treatment records (STRs), post service medical records, and the statements of the Veteran in support of the claim. 

The Board has considered the statements and perused the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim for which VA has a duty to obtain. 

The Board finds that an adequate opinion has been obtained. Barr v. Nicholson, 21 Vet. App. 303 (2007). The claim file includes a 2014 VA clinical opinion. The opinion is predicated on a review of the claims file, to include STRs and the Veteran's reported history. Adequate rationale has been provided. The Board finds that a further opinion as to the 1992 evidence of bronchiolar breath sounds is not warranted because, as discussed in further detail below, there is no competent credible indication that such sounds are related to bronchitis. Moreover, the 2014 clinician considered the entire record, to include the 1992 findings. 
 
The Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to the claim. Essentially, all available evidence that could substantiate the claim has been obtained.

Legal Criteria

Establishing service connection generally requires medical evidence or, in certain circumstances, lay evidence of the following: (1) A current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) nexus between the claimed in-service disease and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed.Cir.2009); Jandreau v. Nicholson, 492 F.3d 1372 (Fed.Cir.2007); Hickson v. West, 12 Vet. App. 247 (1999); Caluza v. Brown, 7 Vet.App. 498 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table). 

In each case where service connection for any disability is being sought, due consideration shall be given to the places, types, and circumstances of such Veteran's service as shown by such Veteran's service record, the official history of each organization in which such Veteran served, such Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a). 

Analysis

The Board has reviewed all of the evidence in the Veteran's claim file, with an emphasis on the evidence relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Gonzales v. West, 218 F.3d 1378 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.
 
The Veteran contends that his bronchitis had its onset in service and has persisted since then. As discussed in further detail below, the Board finds that the Veteran is less than credible as to the onset date of his chronic bronchitis and that service connection is not warranted. The Board has considered the Veteran's STRs, to include any complaints of breathing difficulties and/or coughing.

A July 1971 STR reflects that the Veteran had been driving and suddenly felt palpations and some chest pain and an inability to breathe properly. Upon examination, he was diagnosed with tachycardia; his lungs were clear to auscultation. 

The Veteran's December 1971 report of medical examination for separation purposes (ETS) from his first period of service reflects normal lungs and chest upon evaluation.

The Veteran's November 1980 report of medical history reflects that he denied ever having had a chronic cough. The Veteran's November 1980 report of medical examination for quadrennial purposes reflects that his lungs and chest were normal upon evaluation. 

The Veteran's March 1984 report of medical history for quadrennial purposes reflects that the Veteran denied ever having had a chronic cough. The Veteran's March 1984 report of medical examination for quadrennial purposes reflects normal lung and chest upon evaluation. 

The Veteran's 1988 report of medical history for quadrennial purposes reflects that he denied ever having had a chronic cough. 

An October 1989 hospital discharge record (for an eye complaint) reflects that the Veteran denied a cough, and had clear lungs upon examination.

A February 1990 Health Questionnaire for Dental Treatment reflects that the Veteran reported that he smoked cigarettes.

An August 1992 Dental Health Questionnaire reflects that the Veteran smoked one pack of tobacco daily. He denied ever having had a persistent cough.

An April 1999 record reflects that the Veteran was a one pack per day smoker. It was noted that smoking class information was given. 

A June 2000 record reflects that the Veteran fell off a roof and believed that he had cracked his ribs. He reported that he had discomfort with laughing and coughing. (There is no complaint of chronic coughing.)

On March 25, 1992, the Veteran completed several forms related to possible asbestos exposure. One STR record reflects that the Veteran reported a cough. However, the Asbestos Exposure Initial Medical Questionnaire reflects that he denied cough and phlegm lasting more than three weeks a year, and reported chest sounds wheezy or whistling only when he has cold. He denied ever having had an attack of wheezing that has made him feel short of breath, and denied breathlessness. He reported that he smoked since age 20 and was currently smoking an average of 20 cigarettes per day. The Veteran stated that he usually has cough, as much as four to six times a day four or more days out of the week, but does not usually cough in the morning or at night. He denied coughing on most days for three consecutive months during the year. He denied usually bringing up phlegm. With regard to bronchitis, the Veteran specifically denied attacks of bronchitis. He denied ever having had bronchitis in block 22 of the form, and denied ever having had chronic bronchitis in block 23 of the form. 

A Respiratory History form reflects that the Veteran reported that he usually coughs during the day, but has not coughed for as much as three months a year. He reported that he does not usually cough first thing in the morning and does not cough at night. He reported that he was currently smoking and that he had been smoking for 20 years. 

A March 1992 Period Health Evaluation (Navy Asbestos Medical Surveillance Program) form reflects that the Veteran reported that he started smoking cigarettes when he was 20 years old and he was still a smoker at age 41. He reported that he smoked 1.5 packs per day. He reported that he has cough more than 2-3 times a day but not more than a total of 3 months per year, or only with colds. He reported that he brings up sputum or phlegm from his chest. However, he also reported he had no trouble with cough and/or sputum. Respiratory system findings were normal upon examination. 

A March 1992 Radiology Consultation Request/Report for baseline purposes reflects negative chest findings.

The Veteran's August 1992 report of medical history reflects that he denied ever having had a chronic cough. The corresponding August 1992 report of medical examination reflects that his lungs and chest were abnormal. It was noted that he had "bronchiolar breath sounds". (The Board notes that the JMR identifies this as a March 25, 1992 Report of Medical Examination) It was also noted that a March 25, 1992 chest x-ray was negative. The summary of defects noted that the Veteran had tobacco abuse with greater than 20 pack years. 

The 1992 report of medical examination notation that the Veteran's lungs are abnormal due to "bronchiolar breath sounds" has not been shown by the evidence of record to be, in any way, related to the Veteran's chronic bronchitis more than a decade later. Bronchiolar breath sounds are breath sounds in which the inspiratory phrase is short and the expiratory phrase is prolonged. It has not been shown by the evidence of record to be anything more than merely a description of the quality of breath sounds, and has not been shown by the evidence of record to be in any way related to the anatomy of the lungs. (Bronchitis is an inflammation of the lining of the bronchial tubes of the lungs.) See Dorland's Illustrated Medical Dictionary and DeGowin's Diagnostic Examination. Thus, there is no competent credible evidence of record of bronchitis in service. In addition, no such sounds were noted in service after 1992. 

The Veteran's report of medical examination for quadrennial purposes when was an E-7 and he had 18 years of government service. It reflects normal lungs and chest. 

The Veteran's 1998 report of medical history for quadrennial periodic purposes when he was an E-8 and stationed in Germany reflects that he denied chronic cough, although he noted several other complaints, to include wearing corrective lens, hearing loss, and painful or trick shoulder or elbow, and asbestos or toxic chemic exposure. He also reported that he used tobacco. The corresponding report of medical examination reflects that he smoked one pack of cigarettes per day and had been informed of the associated risks and benefits of stopping tobacco use. He had normal lungs and chest system upon evaluation. The Board finds that if the Veteran had a chronic cough it would have been reasonable for him to have reported it when he reported his other complaints.

April and June 1999 records reflect that the Veteran was a one pack per day smoker for 20 years. 

A chest X-ray in October 2001 was normal with no infiltrates or pleural effusions. An October 2001 Report of Medical Examination reflects normal lungs and chest. The corresponding report of medical history reflects that the Veteran denied a chronic cough. Notably, the Veteran reported other complaints, to include hearing loss, high or low blood pressure, broken bones, arthritis, rheumatism or bursitis, and a painful or trick shoulder or elbow. Again, the Board finds that if the Veteran had a chronic cough it would have been reasonable for him to have reported it when he reported his other complaints.

The Veteran separated from service in January 2002. 

An October 2003 VA respiratory examination noted a history of a chronic cough with intermittent wheezing for the last five years. The Board finds that this history is less than credible given the record as a whole, to include the Veteran's denial of a chronic cough in 1998 and 2001, and the lack of STRs that he sought treatment for, or complained of, a cough in the five years prior to his separation. 

The 2003 examiner noted chest configuration was normal and that lung fields revealed diffuse scattered inspiratory and expiratory wheezes. The examiner's impression included chronic bronchitis. 

An October 2003 X-ray study revealed no infiltrate, mass, lesion, or pleural effusion. It was noted that there were slight increased bronchovascular markings suggestive of chronic changes. The radiologist's conclusion was that there were increased bronchovascular markings, but no active disease. 

A December 2014 VA examination included a diagnosis of chronic bronchitis. The examiner noted the claims file and electronic VA treatment records were reviewed. A medical history noted that the Veteran had smoked since he was in his twenties and that he currently smoked about half a pack per day, but had a history of averaging one pack per day. The examiner stated the Veteran had classic symptoms of chronic bronchitis including cough, occasionally productive cough, and exertional dyspnea. 

The examiner found that the Veteran's "cigarette smoking history adequately explained his chronic bronchitis symptoms." The Board finds that the examiner's opinion is supported by the evidence of record which consistently reflects that the Veteran was a smoking for at least two decades. The most common cause of chronic bronchitis is long-term inhalation of irritants. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (31st Ed. 2007).

The Veteran filed his claim for service connection in 2002. Under 38 C.F.R. § 3.300, for claims received by VA after June 9, 1998, a disability or death will not be considered service-connected on the basis that it resulted from injury or disease attributable to the veteran's use of tobacco products during service. Service connection is not prohibited if the disability or death resulted from a disease or injury that is otherwise shown to have been incurred or aggravated by service. (i.e. the disability can be service-connected on some basis other than the veteran's use of tobacco products during service, or that the disability became manifest or death occurred during service), or the disability or death resulted from a disease or injury that appeared to the required degree of disability within any applicable presumptive period under §§ 3.307, 3.309, 3.313, or 3.316. 

In the present case, the Board finds that the Veteran's current disability of chronic bronchitis was caused by his use of tobacco products. The Board finds that his disability did not manifest in service. Although records in 1992 reflect complaints of a cough, the record is against a finding of chronic bronchitis or symptoms of such in subsequent years prior to separation. Notably, after the 1992 complaints, the Veteran denied a chronic cough in August 1992, 1998, and again in 2001. In addition, he had normal lungs on upon separation. Thus, symptoms in March 1992 were acute and transitory. 

Moreover, chronic bronchitis is not a disease which is subject to presumptive service connection under 38 C.F.R. § 3.309. (It has not been shown by competent clinical evidence of record to be bronchiectasis (dilation of the bronchioles) as opposed to inflammation of the bronchus. DORLAND'S ILLUSTRATED MEDICAL DICTIONARY (31st Ed. 2007)). 

The Veteran's October 2003 report of history as to these matters is found to be less than credible due to inconsistency with the other evidence of record. The reported history as to a five year history of a chronic cough with intermittent wheezing is found to be inconsistent with the Veteran's reports of medical history provided in October 2001 and 1998. The Board finds that the STRs, which are contemporaneous to service, are more credible than the Veteran's statements made after service and made for compensation purposes. See Cartright v. Derwinski, 2 Vet. App.24, 25 (1991); see also Caluza v. Brown, 7 Vet. App. 498 (1995).
 
The Veteran has not been shown to have the experience, training, or education necessary to make an etiology opinion to the claimed disability. As is noted previously, the Veteran has asserted that he has chronic bronchitis due to asbestos exposure, and now contends that it is perhaps due to something else. Although lay persons are competent to provide opinions on some medical issues. The Board finds that a lay person is not competent to provide a probative opinion as to the specific issue in this case in light of the education and training necessary to make a finding with regard to the complexities of the lungs, and is not competent to state that an acute and transitory cough in service was a manifestation or etiology of his current chronic bronchitis. See Kahana v. Shinseki, 24 Vet. App. 428 (2011); See Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007). 
 
In sum, the Veteran smoked for more than twenty years despite having been warned of the risks. He now has chronic bronchitis due to his smoking. His chronic bronchitis did not manifest in service, but manifested after separation from service. He did not have bronchiectasis manifested to a compensable degree within one year of separation from service.

As the preponderance of the evidence is against the claim, the benefit of the doubt rule is not applicable. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990). 


ORDER

Entitlement to service connection for chronic bronchitis is denied.



____________________________________________
M. E. LARKIN
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs